NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-393

COMMONWEALTH

vs.

STEVEN R. NYGREN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from his conviction in the Superior Court of an indictment charging him with willful failure to file a personal income tax return for 2018.  See G. L. c. 62C, § 73 (c).  We affirm.

A conviction under the statute requires proof that the defendant was (1) "required . . . to pay any estimated tax or tax, make a return, keep records, or supply any information," and (2) "willfully fail[ed] to pay such estimated tax or tax, make such return, keep such records, or supply such information," (3) "at the time or times required by law or regulations."  G. L. c. 62C, § 73 (c).  Willful conduct requires proof of the defendant's "voluntary, intentional violation of a

known legal duty." Commonwealth v. Kingston, 46 Mass. App. Ct. 444, 445 (1999), quoting Cheek v. United States, 498 U.S. 192, 201 (1991). On appeal, the defendant challenges the third element and contends that "the evidence failed to prove that he did not file his [2018] tax return on time." Viewing the evidence in a light most favorable to the Commonwealth, we conclude that the Commonwealth presented sufficient evidence for the jury to infer the essential elements of the crime charged. See Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979).

The Commonwealth presented evidence pertaining to the defendant filing tax returns for the years 2016, 2017, and 2018. Date stamps on the tax returns for 2016 and 2017 identified the month, day, and time of filing, but the 2018 return did not contain any similar date stamp. In the absence of such a stamp showing the filing date, the defendant claims that the evidence failed to prove an essential element of the crime. Contrary to the defendant's contention, the evidence established the time of filing through other means. A tax fraud investigator for the Department of Revenue testified that taxes are due on either April 15 or 16 (depending on a holiday), and an automatic extension for six months (if requested) could have extended the deadline to October 15 or October 16, 2019. He further testified that after reviewing "the records of the Department of Revenue," the defendant's 2018 tax return was filed on July 27,

2

2020.  This review of records was not limited, as the defendant contends, to the defendant's tax returns for 2016, 2017, and 2018.  Thus, the evidence permitted jurors to conclude that the defendant did not comply with the "time or times required by law or regulations" for the filing of the 2018 tax return.  G. L. c. 62C, § 73 (c).

We also discern no error by counsel that "deprived the defendant of an otherwise available, substantial ground of defence."  Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).  The defendant faults counsel for failing to move to strike the tax investigator's testimony about the filing date.  As previously discussed, that testimony was relevant to prove the untimely filing of the 2018 return.  Because a motion to strike on relevance grounds would have been futile, counsel did not err.  See Commonwealth v. Gambora, 457 Mass. 715, 731 n.24 (2010).  We also discern no error from counsel stating in his closing argument that the defendant filed the 2018 return late.  Defense counsel invited jurors to consider the "not [so] flattering fact" that the defendant was incarcerated when taxes were due on April 16, 2019, and that he "file[d] a tax return, belatedly, in July of 2020."  These circumstances, according to counsel, showed an absence of willfulness.  Counsel's evident

3

strategy, though unsuccessful, was not "manifestly unreasonable." Commonwealth v. Kolenovic, 471 Mass. 664, 674 (2015).

Judgment affirmed.

By the Court (Desmond, Grant & Hodgens, JJ.[1]),

*Paul Little*

Clerk

Entered:  March 13, 2025.

---

[1] The panelists are listed in order of seniority.